**FILED**
CLERK, U.S. DISTRICT COURT

1/11/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CDO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>JESSICA LEIGH ALALIA,<br>  aka "Jessica Mitchell," and<br>DAMIAN NAUDH LAGUNAS-GARCIA,<br><br>             Defendants. | CR  2:24-cr-00024-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death; 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 856(a)(1): Maintaining a Drug-Involved Premises; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(C): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

1

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT ALALIA]

On or about May 6, 2023, in San Luis Obispo County, within the Central District of California, defendant JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," knowingly and intentionally distributed N-phenyl-N-[1-(2-phenlyethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of R.S.

COUNT TWO

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.    OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than January 1, 2023, and continuing through on or about August 31, 2023, in San Luis Obispo, within the Central District of California, and elsewhere, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, and together with others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi).

B.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendants ALALIA and LAGUNAS-GARCIA used their house at 2121 Park Street, Paso Robles, California to store, package, and facilitate the distribution of drugs, including methamphetamine and fentanyl.

2.    Defendants ALALIA and LAGUNAS-GARCIA would coordinate with each other using coded language in text messages to discuss sharing, packaging, transporting, and selling drugs, including methamphetamine and fentanyl, to drug customers.

3

3.     Defendants ALALIA and LAGUNAS-GARCIA also used a storage unit in Templeton, California to store, package, and facilitate the distribution of drugs, including methamphetamine.

4.     Defendants ALALIA and LAGUNAS-GARCIA would possess multiple firearms inside of their home to protect their drug proceeds and narcotics.

C.     OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants ALALIA and LAGUNAS-GARCIA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On January 1, 2023, in text messages using coded language, defendants ALALIA and LAGUNAS-GARCIA discussed paying a source of supply for "F", slang for fentanyl, and using a "work phone" to coordinate drug transactions.  Specifically, defendant ALALIA wrote to defendant LAGUNAS-GARCIA, "Did D. ever say to come drop off the cash. You have been waiting the work phone right??? . . . Check the work phone please and call D. to see if he's still in town and if we can drop off that money asap [so] I'm not totally fucked and out of F all week."

Overt Act No. 2:    On January 1, 2023, in response to the text message in Overt Act No. 1, defendant LAGUNAS-GARCIA stated: "He has not texted you since last night.. or this morning. Mike (Scott) says he has 300 bucks for you."

Overt Act No. 3:    On January 1, 2023, in response to the text message in Overt Act No. 2, defendant ALALIA stated: "Yeah he owes me $210.. So he prob wants another g. You left mikes g."

4

Overt Act No. 4:   On January 1, 2023, in response to the text message in Overt Act No. 3, defendant LAGUNAS-GARCIA stated: "I'm dropping it off when we leave."

Overt Act No. 5:   On February 2, 2023, in a text message using coded language, defendant ALALIA asked defendant LAGUNAS-GARCIA to deliver drugs to a customer, writing: "Can you take an 8 ball of my blue to T. please. Or use yours I don't care it's $300 . . . So it's in the clear holder I have pre weighed shit in. It's gonna be Red Devils for grams and blue devils for half grams ok. No other type of product is in a devil bag except for blow. By the way I will need to buy some of that off you tonight too please."

Overt Act No. 6:   On March 2, 2023, in a text message, defendant LAGUNAS-GARCIA warned defendant ALALIA to be careful during her drug-distribution activities because of law enforcement presence, writing: "Be careful at target area there a community patrol going around the lot . . . Did you do all the other runs."

Overt Act No. 7:   On March 31, 2023, in a text message, defendant LAGUNAS-GARCIA warned defendant ALALIA to be careful during her drug-distribution activities because of law enforcement presence, writing: "Hey there is lots of cops around because spring break starts today so be extra careful."

Overt Act No. 8:   On April 1, 2023, in a text message using coded language, defendant ALALIA instructed a drug customer ("Drug Customer #1") that defendant LAGUNAS-GARCIA would deliver a "g" of drugs to the customer and directed the customer to text defendant LAGUNAS-GARCIA directly.  In response, Drug Customer #1 texted defendant LAGUNAS-GARCIA stating: "Jess [ALALIA] told me to hit ya up . . . Just a G."

5

Overt Act No. 9:    On April 1, 2023, in response to the text message in Overt Act No. 8, defendant LAGUNAS-GARCIA texted Drug Customer #1: "Okay. Here in the lot."

Overt Act No. 10:    On April 1, 2023, in a text message using coded language, defendant LAGUNAS-GARCIA asked a drug customer ("Drug Customer #2) whether Drug Customer #2 sent a payment to defendant LAGUNAS-GARCIA or defendant ALALIA for drugs, writing: "did you Venmo me or cash app her."

Overt Act No. 11:    On April 1, 2023, defendant ALALIA received a $100 payment from Drug Customer #2 via the mobile banking application Cash App.

Overt Act No. 12:    On April 3, 2023, in text messages using coded language, defendants ALALIA and LAGUNAS-GARCIA discussed negotiating a price and purchasing drugs from a source of supply, with defendant LAGUNAS-GARCIA informing defendant ALALIA that the price was "2500 for 4."

Overt Act No. 13:    On April 3, 2023, in response to the text message in Overt Act No. 12, defendant ALALIA stated: "Tell him $600 a pop and I will buy it. That's STILL $100 more than I was paying but it's better stuff but don't tell him that just tell him it's more then we were paying. I got the cash and I can have it ready to go if he says yes."

Overt Act No. 14:    On April 24, 2023, in a text message, defendant ALALIA instructed a drug customer ("Drug Customer #3") that defendant LAGUNAS-GARCIA would facilitate a transaction for methamphetamine, writing: "But I need to know your order in that case now rather than later since I'm about to walk out the door." In response, Drug Customer #3 stated: "Ok I'll go meet Damien.  Half of

black and half O of clear.  And how much on the clear."

Overt Act No. 15:   On April 24, 2023, in response to the text message in Overt Act No. 14, defendant ALALIA stated: "$100 for a half oz or $150 for an oz.  I will leave the stuff here for Damian with your number."  Drug Customer #3 responded: "I'll set up a time to meet him then . . . I'm here waiting for Damien now."

Overt Act No. 16:   On April 24, 2023, in response to the text message in Overt Act No. 15, defendant ALALIA stated: "Where is he meeting you at."  Drug Customer #3 responded: "We met at Petco about 20+ min ago. Thanks."

Overt Act No. 17:   On May 2, 2023, in a text message using coded language, defendant ALALIA instructed a drug customer (Drug Customer #4) to pick up Adderall and blues (slang for counterfeit fentanyl pills) from defendant LAGUNAS-GARCIA at their shared residence, writing: "Come to the house Damian will be there."  Drug Customer #4 responded: "Do I need to text Damian when I'm close or just go there now."

Overt Act No. 18:   On May 2, 2023, in response to the text message in Overt Act No. 17, defendant ALALIA stated: "Go whenever [Damian's] expecting you."

Overt Act No. 19:   On May 4, 2023, in a text message using coded language, defendant ALALIA asked Drug Customer #4 whether Drug Customer #4 would pay defendant ALALIA for methamphetamine that defendant LAGUNAS-GARCIA distributed, writing: "Hey doll – were you still gonna cash app me for the g of clear Damian gave you the other night? I couldn't remember if you said cash or cash app."

Overt Act No. 20:   On May 9, 2023, in a text message using coded language, defendant LAGUNAS-GARCIA asked defendant ALALIA to

assist in procuring drugs for a customer, writing "Hey can you make it a ball he said so 2.5 more."

Overt Act No. 21:   On May 9, 2023, in response to the text message in Overt Act No. 20, defendant ALALIA stated: "Ok".

Overt Act No. 22:   On May 9, 2023, in a text message using coded language, defendant ALALIA instructed a drug customer ("Drug Customer #5") that defendant LAGUNAS-GARCIA would facilitate a transaction for drugs, writing "I tossed out all my old blow. Better than not knowing. Went a bought a brand new batch from Damian's dude . . . I'm going to have Damian meet you.  Where do you want to meet."

Overt Act No. 23:   On May 9, 2023, in response to the text message in Overt Act No. 22, defendant LAGUNAS-GARCIA texted Drug Customer #5, asking: "Did she tell you how much. Where are you go[i]ng to be at."  Drug Customer #5 responded "She is giving us blow and a few Xanax."

Overt Act No. 24:   On May 9, 2023, in response to the text message in Overt Act No. 23, defendant LAGUNAS-GARCIA then instructed Drug Customer #5 to meet him at the Albertsons to pick up the drugs.

Overt Act No. 25:   On May 16, 2023, defendants ALALIA and LAGUNAS-GARCIA possessed with intent to distribute approximately 111.78 grams of fentanyl and 92.31 grams of methamphetamine inside of their home at 2121 Park Street, Paso Robles, California.  Defendants ALALIA and LAGUNAS-GARCIA possessed the following items to facilitate their drug trafficking activities inside of their home at 2121 Park Street, Paso Robles, California: multiple new Ziplock baggies, a digital scale with white residue on top, multiple Ziplock baggies filled with power and pills, and multiple pay/owe sheets documenting drug transactions.  Defendants ALALIA and LAGUNAS-GARCIA also

possessed three firearms and ammunition in their home to protect their drugs and drug proceeds, namely, a loaded Walther Model P22 .22 caliber pistol bearing serial number Z028593, a Taurus Model 1911 .45 caliber pistol bearing serial number NGM97639, a Shul 10 mm revolver bearing serial number 9890, eight rounds of 45 caliber ammunition manufactured by Sellier & Bellot, and 30 rounds of .22 caliber ammunition manufactured by the Federal Cartridge Company.

Overt Act No. 26: On or before May 16, 2023, defendant ALALIA wrote a handwritten note to defendant LAGUNAS-GARCIA inside of their home at 2121 Park Street, Paso Robles, California, thanking defendant LAGUNAS-GARCIA for picking up drugs, writing "Damian Thank you for picking up the blow -weighted out a g for you to give to your boyfriend or whatever."

Overt Act No. 27: On August 31, 2023, defendants ALALIA and LAGUNAS-GARCIA possessed with intent to distribute approximately 31.58 grams of fentanyl and 50.86 grams of methamphetamine inside of their home at 2121 Park Street, Paso Robles, California. Defendants ALALIA and LAGUNAS-GARCIA also possessed the following items to facilitate their drug trafficking activities: multiple new Ziplock baggies, multiple pay/owe sheets documenting drug transactions, and Ziplock baggies filled with pills and powder.

Overt Act No. 34: On August 31, 2023, defendants ALALIA and LAGUNAS-GARCIA possessed inside of a storage unit in Templeton, California the following items to facilitate their drug trafficking activities: a digital scale, multiple Ziploc baggies, and two containers with approximately 2.97 grams of methamphetamine.

COUNT THREE

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on a date unknown and continuing to on or about August 31, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly opened, used, and maintained a place, that is, a residence located at 2121 Park Street, in Paso Robles, California, for the purpose of unlawfully distributing controlled substances, namely, methamphetamine, a Schedule II controlled substance, and fentanyl, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 92.31 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 111.78 grams, of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT SIX

[18 U.S.C. §§ 924(c)(1)(A)(i), 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly possessed the following firearms in furtherance of a drug trafficking crime, namely, maintaining a drug-involved premises, in violation of Title 21, United States Code, Section 856(a)(1), as charged in Count Three of this Indictment, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Four of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Five of this Indictment:

1. a Walther Model P22 .22 caliber pistol, bearing serial number Z028593;

2. a Taurus Model 1911 .45 caliber pistol, bearing serial number NGM97639; and

3. a Shul 10 mm revolver, bearing serial number 9890.

13

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 31, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 50.86 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 31, 2023, in San Luis Obispo County, within the Central District of California, defendants JESSICA LEIGH ALALIA, also known as "Jessica Mitchell," and DAMIAN NAUDH LAGUNAS-GARCIA, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute approximately 31.58 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

[ALL DEFENDANTS]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One through Five and Seven through Eight of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense, including, but not limited to, $15,328 in U.S. currency that was seized from the residence located at 2121 Park Street, Paso Robles, California and occupied by defendants ALALIA and LAGUNAS-GARCIA on or about May 16, 2023, and $851 in U.S. currency that was seized from the person of defendant LAGUNAS-GARCIA on or about August 31, 2023;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

16

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

[ALL DEFENDANTS]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Count Six of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to firearms and ammunition alleged in the count(s) of conviction.

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                              A TRUE BILL


                                   /s/
                              Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

DANIEL H. WEINER
Assistant United States Attorney
General Crimes Section