O

**FILED**
**CLERK, U.S. DISTRICT COURT**

**JANUARY 22, 2024**

**CENTRAL DISTRICT OF CALIFORNIA**
**BY:** _____ch_____ **DEPUTY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA ALALIA,<br><br>Defendant. | Case 2:24-cr-24-FMO-1<br><br>ORDER OF DETENTION |

On January 17, 2024, Defendant Jessica Alalia made her initial appearance on the indictment filed in this matter. She was represented by DFPD Julia Deixler. Ms. Deixler requested a continuance of the detention hearing. The Court temporarily detained Ms. Alalia pending the continued hearing. On January 22, 2024, the Court held a detention hearing, received evidence, and heard argument. At the close of that hearing, the Court ordered Ms. Alalia permanently detained. This Order memorializes the findings made during the hearing.

The Court finds that the government is entitled to a detention hearing because the case involves a controlled-substance offense with a statutory maximum of at least ten years. 18 U.S.C. § 3142(f)(1)(C). The Court further finds that the Government is

1  entitled to a rebuttable presumption that no condition or combination of conditions

2  will reasonably assure the defendant's appearance as required and the safety or any

3  person or the community. 18 U.S.C. § 3142(e)(3)(A).

4       The Court finds that the presumption has not been rebutted in this case, and

5  further finds no condition or combination of conditions will reasonably assure the

6  safety of any person or the community. The Court has considered: (a) the nature and

7  circumstances of the offense(s) charged; (b) the weight of evidence against the

8  defendant; (c) the history and characteristics of the defendant; and (d) the nature and

9  seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g). The

10  Court also considered all the evidence adduced at the hearing and the arguments of

11  counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

12       As to risk of danger, which is the Court's primary concern, the Court makes

13  the following findings: Ms. Alalia is charged with exceedingly serious offenses,

14  including an allegation that a drug she delivered to a customer resulted in his death.

15  She is also charged with the possession of guns that she claimed, in a *Mirandized*

16  interview, were hers and not her co-defendant's. Together those charges mean that

17  Ms. Alalia faces stiff mandatory-minimum penalties. While the strength of the

18  evidence is the least important factor, the Court would note that the strength of the

19  evidence against Ms. Alalia, based on her own statement, would appear to be quite

20  strong.

21       After her arrest in January 2024, and after she was told that the police believed

22  that drugs she distributed had resulted in the death of a customer (and apparently, a

23  close friend of hers), she returned to distributing drugs again. She was even on bond

24  at the time, but that bond was not a deterrent to her. She was arrested again for

25  distributing drugs in August 2023. Even so, when arrested last week, she apparently

26  had drug-related items on her person again. For these reasons, the Court does not

27  find, by clear and convincing evidence, that even stringent conditions of release

28  would suffice to protect the community.

1    IT IS THEREFORE ORDERED that the defendant be detained until trial. The
2  defendant will be committed to the custody of the Attorney General for confinement
3  in a corrections facility separate, to the extent practicable, from persons awaiting or
4  serving sentences or being held in custody pending appeal. The defendant will be
5  afforded reasonable opportunity for private consultation with counsel. On order of a
6  Court of the United States or on request of any attorney for the Government, the
7  person in charge of the corrections facility in which defendant is confined will
8  deliver the defendant to a United States Marshal for the purpose of an appearance in
9  connection with a court proceeding. 18 U.S.C. § 3142(i).

Dated: January 22, 2024

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

3